Mary W. Conrad v. Commissioner.
Conrad v. Commissioner
Docket No. 41019.
United States Tax Court
T.C. Memo 1954-229; 1954 Tax Ct. Memo LEXIS 18; 13 T.C.M. (CCH) 1152; T.C.M. (RIA) 54334; December 20, 1954, Filed *18 Held: Petitioner was engaged in the real estate business in 1948 in partnership with her then husband, Henry G. Small, and her distributive share of the profits is taxable to her whether or not distributed. Stanley M. Brown, Esq., for the petitioner. Jack H. Calechman, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax of petitioner for the taxable year 1948 in the amount of $758.77. This is a companion case with Henry G. Small, Docket No. 48953, the findings of fact and opinion in which are filed contemporaneously herewith. The sole issue presented is whether petitioner was engaged in the real estate business in 1948 in partnership with *19 Henry G. Small. Findings of Fact The petitioner, Mary W. Conrad (formerly Mary W. Small), is an individual residing in Holderness, New Hampshire. She filed her income tax return for the the year 1948 with the collector of internal revenue for the district of New Hampshire. Petitioner first started doing business in New Hampshire real estate in 1932 and has continued engaging in such dealings most of the time since. She has lived in the Holderness area all of her life and was familiar therewith. She knew most of the owners in the area who wanted to sell property, as well as knowing a number of people who wanted to buy property. Petitioner met Henry G. Small in 1944 while they were both working in Laconia, New Hampshire. She was then in the real estate business and he was selling tires. Small did not know the people in the Holderness area. Petitioner and Small were married in 1945 and shortly thereafter moved to Holderness. As soon as they were married and after they had moved to Holderness, petitioner considered Small as a partner and both sold real estate from their office at home. There was no formal partnership agreement. Such arrangement continued in 1947 and petitioner and *20 Small filed a partnership return for that year. Petitioner filed an individual income tax return for the calendar year 1947 in which she reported income received from the partnership of "Mary W. Small - Henry G. Small" in the amount of $5,787.65. Small was appointed secretary of the Chamber of Commerce in Plymouth, New Hampshire in 1948. As a result of the appointment, an office was opened located at 81A Main Street in Plymouth in 1948. Such office was approximately five miles from the house in Holderness. Petitioner was an associate member of the Board of Realtors in the Lake winnipesaukee region in 1948, and in that year went on business trips and looked at property. During 1948, petitioner was responsible for, or participated to some extent in, at least 10 or 12 real estate transactions. Commissions from the real estate business were deposited in a joint account. Petitioner and Small had one such account in the Pemigewasset National Bank in Plymouth, New Hampshire. Petitioner's individual income tax for 1947 was paid by check drawn by her in 1948 on the Pemigewasset National Bank. Small prepared a partnership return for the taxable year ended October 16, 1948 for petitioner *21 and himself. Such a return, signed only by Small, was received in the office of the collector of internal revenue for the district of New Hampshire on November 4, 1948. Petitioner's individual tax return for 1948 was received in the office of the collector for the district of New Hampshire on February 23, 1949. Such return included profit from real estate business conducted for the period October 25, 1948, through December 31, 1948. Petitioner did not report any income earned as partner in the real estate business with Small in 1948. Petitioner and Small became estranged in the summer or fall of 1948. On October 4, 1948, petitioner filed a petition for legal separation in which petition she represented, in part, as follows: "* * * The said Mary W. and Henry G. Small hold as joint tenants real estate situated in said Holderness which was acquired by her prior to marriage and to which as against said Henry G. Small she is equitably entitled. The said parties own and conduct a real estate brokerage business known as the 'Small Agency', the good will, listings and other property of which were largely acquired by the said Mary W. Small prior to marriage. They also have funds deposited *22 in certain banks and other property acquired during coveture to which the said Mary W. Small has largely contributed through her efforts. They also have certain household furniture and furnishings which are located in the home in said Holderness and which with minor exceptions belong to her." In her motion for temporary injunction and for discovery filed October 12, 1948, petitioner represented that she had contributed "* * * the greater portion * * *" of funds on deposit in a joint account in the Plymouth Guaranty Savings Bank and was "* * * legally and equitably entitled to the greater share thereof." Petitioner and Small were divorced in December, 1948, at which time the latter sold his interest in the real estate business to the former. Petitioner was engaged as a sole operator in the real estate business in late 1948, 1949, and 1950 at 81A Main Street, Plymouth, New Hampshire. Petitioner intended to and did engage in the real estate business in partnership with her husband, Henry G. Small, during the period January 1, 1948, to October 16, 1948. Opinion VAN FOSSAN, Judge: This case presents a somewhat different aspect of the familiar partnership question in that the parties *23 take positions opposite of those usually taken in like cases. That is to say, petitioner strongly contends that no partnership, in fact or in law, existed between her and Small during the disputed portion of 1948 here involved, whereas respondent has determined and here argues that petitioner was a partner with Small in the real estate business in 1948 within the scope of section 3797(a)(2) of the Internal Revenue Code of 1939[1] and as such, is taxable on her distributive share of the income thereof in the amount of $4,198.10, pursuant to sections 181 and 182(c) of the Code of 1939 [2]. *24 That the relationship existing between petitioner and Small in the conduct of the real estate business prior to 1948 was one of partnership is not seriously disputed. Nor does petitioner deny that she was actively engaged in such business as a partner with her then husband prior to January 1, 1948, and as a sole operator subsequent to October 25, 1948. Thus it is petitioner's contention that, although she was engaged more or less actively in the real estate business continuously from 1932 to 1947 and subsequent to October 25, 1948, she was completely inactive and performed only the duties of a housewife during the period in 1948 here in controversy. The question of whether petitioner was a partner with Small in 1948 in the conduct of the real estate business is essentially one of fact, of which our ultimate finding above is dispositive. Prolongation of this opinion with a lengthy discussion of the factors leading us so to conclude would serve no useful purpose. Our conclusion was reached after due consideration of all the aspects of the factual situation appearing on this record and the inferences properly to be drawn therefrom, and the application thereto of the basic tests laid *25 down in Commissioner v. Culbertson, 337 U.S. 733; Commissioner v. Tower, 327 U.S. 280; and Lusthaus v. Commissioner, 327 U.S. 293. As frequently happens in cases involving unhappy domestic relations, there is an irreconcilable conflict between the testimony of petitioner and that of her former husband. Both cannot be telling the truth. We have weighed all the evidence tending to show the continued existence of the partnership against that tending to the opposite conclusion. In our opinion, such evidence falls short of showing that the partnership relation existing between petitioner and Small at the end of 1947 in the conduct of the real estate business ceased to exist at the beginning of 1948. To the contrary, the evidence preponderates in favor of the view that, although petitioner may have been somewhat less active, she nevertheless continued as Small's partner, and so considered herself, during the period in dispute. Accordingly, we have so found as a fact and here so hold. Cf. also Willis B. Anderson, 6 T.C. 956; Francis A. Parker, 6 T.C. 974; Eckhard v. Commissioner, 182 Fed. (2d) 547; Estate of Britt v. Commissioner, 190 Fed. (2d) 946. *26 Nor do we agree with petitioner's argument that she never actually received any of the funds which respondent would tax to her as her distributive share of partnership income. From the facts appearing on this record, we find that real estate commissions earned by the business were deposited in a joint bank account and were, therefore, subject to her control. That she chose not to exercise such control is beside the point. In any event, her distributive share of the profits would be taxable to her whether distributed or not. Section 182, supra. In view of the foregoing, respondent's determination is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 3797. DEFINITIONS. (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof - * * *
(2) Partnership and Partner. - The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term "partner" includes a member in such a syndicate, group, pool, joint venture, or organization. ↩
2. SEC. 181. PARTNERSHIP NOT TAXABLE. Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. SEC. 182. TAX OF PARTNERS. In computing the net income of each partner, he shall include, whether or not distribution is made to him - * * *
(c) His distributive share of the ordinary net income or the ordinary net loss of the partnership, computed as provided in section 183(b).↩